**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINTON AT SEATTLE**

| | |
|---|---|
| ALEXANDER GOULD and LIEBA GOULD,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, FAILURE TO ACT IN GOOD FAITH, VIOLATION OF CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL |

## I.   PARTIES

1. Plaintiffs Alexander Gould and Lieba Gould were at all relevant times insureds of defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Plaintiffs reside in Seattle. They are citizens of the State of Washington.

2. Defendant Allstate is a foreign insurer authorized to conduct business in Washington. Upon information and belief, Allstate has its principal place of business in Illinois.

3. Defendant is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

COMPLAINT
(No. ) - 1

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

## II. JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district.

6. This Court has personal jurisdiction over defendant.

## III. CONDITIONS PRECEDENT

7. All conditions precedent were performed or have occurred.

## IV. FACTUAL ALLEGATIONS

8. Allstate issued an insurance policy to the Goulds insuring their home at 9323 Forest Court S.W., Seattle, Washington.

9. The policy covered the Goulds and their home.

10. The Goulds paid a valuable premium for the coverages and protections contained in the policy.

11. The policy number is 817 725 014.

12. The policy period was September 17, 2021, to September 17, 2022.

13. Plaintiffs are insureds and first-party claimants under the policy.

14. Plaintiffs experienced a loss during a severe winter storm.

15. The date of loss was on or about January 7, 2022.

16. Water spread downward and across a significant portion of the Goulds' home.

COMPLAINT
(No. ) - 2

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100  Fax 206-785-1702

17. The loss caused major damage and caused components to the electrical system across this area of the home to become wet.

18. Plaintiffs timely notified Allstate of the loss.

19. As a results of the significant water damage, the entire kitchen of the home had to be torn out.

20. In addition, the large appliances (the stove and refrigerator) had to be moved into the dining room, causing in turn that the dining room furniture be moved into the living room.

21. Dishes, kitchen furniture, and similar property had to be moved into bedrooms.

22. Dust and possibly mold was spread through the house. In short, the home has not been in a livable condition.

23. The policy issued by defendant covers all losses incurred by plaintiffs resulting from the loss.

24. The policy also promises other benefits, including additional living expense ("ALE") and damage to contents.

25. Allstate has failed to pay sufficient benefits to restore the home to its pre-loss condition, including a failure to agree to pay a sufficient benefits for replacement of components of the electrical system.

26. The following are true and correct photos of the home.

COMPLAINT
(No. ) - 3

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702





COMPLAINT
(No. ) - 4

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702





27. These photos show areas of damage under repair, the area where the kitchen has been ripped out, the way large appliances were moved into the dining room, and how items have been moved into the living room.

COMPLAINT
(No. ) - 5

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

28. The home is not habitable.

29. Nevertheless, Allstate refused to pay ALE that would allow the Goulds to secure alternative housing while the home is restored to its pre-loss condition.

30. Despite having purchased more than $100,000 in coverage for ALE, Allstate failed to properly explain this benefit and assist the Goulds in maintaining their normal standard of living.

31. Allstate failed to explain to plaintiffs their rights and benefits under the policy.

32. Allstate failed to timely communicate with plaintiffs.

33. Allstate's failure to live up to its obligations under the policy and its obligations under industry standards and the Washington Administrative Code Fair Claims Practices Regulations have caused plaintiffs severe emotional strain and stress.

34. The Goulds' home remains heavily damaged.

35. Plaintiffs' claim has yet to be resolved.

36. Insurance companies such as defendant owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

37. The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies.

COMPLAINT
(No. ) - 6

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Defendant owes those duties to plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

38. Insurance industry standards in the State of Washington require defendant to comply with the Unfair Claim Settlement Practices Regulation. The regulation reflects minimum industry standards.

39. Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims.
- Failing to advise insured of what is necessary to complete the claim.
- Failing to assist the insured.
- Refusing to pay claims without a reasonable investigation.
- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.
- Failing to promptly settle claims where liability has become reasonably clear.
- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.
- Failing to disclose all rights and benefits under an insurance policy to the insured.
- Failing to provide an explanation of the coverage under which payments were made.
- Attempting to transfer the cost of investigation to the insured.
- Failing to complete a full and fair investigation within 30 days.

- Insurance companies are responsible for the accuracy of evaluations to determine actual cash value.

40. To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity; and

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

41. Defendant violated all the above standards and Washington Administrative Code Regulations.

42. Defendant failed to perform a full and fair investigation of the claim and has denied the benefits to which plaintiffs are entitled under the policy.

43. Defendant constructively denied coverage for plaintiffs' claim.

44. Because of defendant's conduct, plaintiffs have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of their home;

- Having to hire counsel;

- Being denied payment under their policy for all rights and benefits;

- Exposure to increased inconvenience;

- Economic impairment;

- Spending substantial time dealing with the insurance claim; and

- Emotional distress, aggravation, and anxiety.

V. CAUSES OF ACTION

CLAIM NO. 1. DECLARATORY JUDGMENT
(Against Defendant)

45. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

COMPLAINT
(No. ) - 8

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

46. Plaintiffs seek a judgment:

- declaring that Plaintiffs are entitled to every coverage to which plaintiffs are entitled under the Policy, including benefits for multiple losses;

- declaring the benefits to which plaintiffs are entitled; and

- declaring that defendant is estopped from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith.

47. Defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 2. BREACH OF CONTRACT
### (Against Defendant)

48. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

49. The policy is a valid, enforceable contract.

50. Plaintiffs are entitled to full compliance with the policy.

51. Plaintiffs are entitled to coverage and every benefit available to plaintiffs under the policy.

52. Plaintiffs seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

53. Defendant breached its obligations under the policy as alleged throughout this Complaint.

54. Plaintiffs have sustained damage in an amount to be proven at trial.

55. In addition to plaintiffs' damages, defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

### CLAIM NO. 3. VIOLATION OF DUTY OF GOOD FAITH
### (Against Defendant)

56. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

57. Defendant violated its duty of good faith.

58. Defendant's conduct as alleged throughout this Complaint was unreasonable and in bad faith.

59. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

60. Defendant is in violation of industry standards for the handling of insurance claims.

61. Plaintiffs sustained damage as a result of defendant's conduct.

62. Defendant is liable for Plaintiffs' consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING
### (Against Defendant)

63. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

64. Defendant's handling of the insurance claim was unreasonable.

65. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

66. Defendant is in violation of industry standards for the handling of insurance claims.

COMPLAINT
(No. ) - 10

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

67. Plaintiffs sustained damage as a result of defendant's conduct.

### CLAIM NO. 5. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090
### (Against Defendant)

68. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

69. As alleged throughout this Complaint, defendant engaged in unfair or deceptive acts or practices.

70. Defendant's conduct occurred in trade or commerce.

71. Defendant is in violation of the Unfair Claims Settlement Practices Regulation.

72. Defendant acted in bad faith.

73. Defendant's conduct affected the public interest.

74. Defendant's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

75. Plaintiffs sustained damage because of defendant's conduct.

76. In addition to plaintiffs' damages, defendant is liable for attorney fees and costs under RCW 19.86.090.

77. The Court should order defendant to pay enhanced damages under RCW 19.86.090.

### CLAIM NO. 6. CPA INJUNCTION
### (Against Defendant)

78. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

79. Plaintiffs assert a claim for injunctive relief under the CPA.

80. The Court should enjoin defendant from further acts that violate the Washington Administrative Code, the Insurance Code, or the CPA. The Court should require defendant to

COMPLAINT
(No. ) - 11

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

enact procedures by which the company would live up to its legal obligations to perform its obligations to policyholders. Under Fed. R. Civ. P. 65, plaintiff is not required to articulate the specific terms of the injunction until the time of judgment. Nonetheless, appropriate injunctive relief could include a mandate for new training, guidelines, and supervision and the appointment of a special master for a limited time to oversee the implementation of such a mandate.

81. Defendant is liable for reasonable attorney fees and costs under RCW 19.86.090.

## VI. PRAYER FOR RELIEF

82. WHEREFORE, Plaintiffs request that this Court:

- Enter a declaratory judgment as stated;

- Enter a money judgment against defendant in the amount we will prove;

- Enter an injunction as stated;

- Award enhanced damages pursuant to RCW 19.86.090;

- Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, for defendant's failure to act in good faith, and for defendant's constructive fraud;

- Otherwise award plaintiffs' attorney fees and costs; and

- Award such other relief as is just and proper.

## VII. JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED June 10, 2022.

**RUIZ & SMART PLLC**

By: *s/Isaac Ruiz*
Isaac Ruiz, WSBA #35237
iruiz@ruizandsmart.com

COMPLAINT
(No. ) - 12

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

By: *s/Kathryn Knudsen*
Kathryn Knudsen, WSBA # 41075
kknudsen@ruizandsmart.com
***Counsel for Alexander Gould and Lieba Gould***

COMPLAINT
(No. ) - 13